CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY V.
CHARLES H. KING.

FILED MAY 3, 1906. No. 14,324.

1. **Railroads**: FENCES: INJURY TO STOCK. Section 1, art. I, ch. 72,
   Comp. St., making railroad companies liable for injuries to stock
   upon their failure to maintain fences along the right of way and
   cattle-guards at highway crossings was not intended to provide a
   penalty for failure to maintain such safeguards, but merely to
   render such companies liable to the owner of stock injured in
   consequence of such failure.

2. A petition for damages for the loss of stock based on said section,
   which contains no allegation tracing such loss to the failure of the
   railroad company to maintain fences or cattle-guards, is fatally
   defective.

3. Petition examined, and *held* that the facts therein stated are in-
   sufficient to constitute a cause of action.

ERROR to the district court for Red Willow county:
ROBERT C. ORR, JUDGE. *Reversed.*

*J. W. Deweese* and *F. E. Bishop,* for plaintiff in error.

*Starr & Reeder, contra.*

ALBERT, C.

The petition filed in the court below is as follows: "(1)
That the defendant, The Chicago, Burlington and Quincy
Railway Company, is a corporation incorporated under the
laws of the state of Iowa and doing business under the
laws of the state of Nebraska. (2) That on or about the
24th day of August, 1903, said defendant was operating a
railroad through Red Willow county, Nebraska (said rail-
road having been opened and operated for more than six
months in said county), and while so operating said road,
at the time above stated, at a place on said road therein
where said road crosses a public highway, running north
and south between sections 9 and 10, in township 3 north

of range 27 west of the sixth principal meridian, in Nebraska, where said road is required by law to provide suitable crossings and guards, suitable and sufficient to prevent cattle from getting onto said railroad, but had failed to do so, said defendant, by its agents and employees, ran an engine and train of cars over and upon nine head of two year old steers, being the property of the plaintiff, and of the value of $270, by reason of which said stock was killed, to the damage of the plaintiff in the sum of $270. Wherefore plaintiff prays judgment against said defendant for his damages herein sustained, for the sum of $270 and costs of suit." An answer was filed, admitting the corporate character of the defendant, and that at date alleged in the petition it was, and for more than six months had been, operating the railroad described in the petition, but denying each and all of the other allegations of the petition. Subsequently, and before the trial, a motion for judgment on the pleadings and an objection to the introduction of any evidence by the plaintiff, for the reason that the facts stated in the petition were not sufficient to constitute a cause of action, were successively filed by the defendant and overruled by the court. A trial to a jury resulted in a verdict and judgment for the plaintiff (the defendant in error in this court), and the defendant brings error.

The sole question presented by the record is whether the facts stated in the petition are sufficient to constitute a cause of action. The action is based on section 1, art. I, ch. 72, Comp. St. 1905, which is as follows: "That every railroad corporation whose lines of road or any part thereof are open for use shall, within six months after the passage of this act, and every railroad company formed or to be formed, but whose lines are not now open for use, shall, within six months after the lines of such railroad or any part thereof are open, erect and thereafter maintain fences on the sides of their said railroad, or the part thereof so open for use, suitable and amply sufficient to prevent cattle, horses, sheep and hogs from getting on the said railroad, except at the crossings of public roads and

highways, and within the limits of towns, cities and villages, with openings, or gates, or bars at all the farm crossings of such railroads, for the use of the proprietors of the lands adjoining such railroad, and shall also construct, where the same has not already been done, and hereafter maintain at all road crossings, now existing or hereafter established, cattle-guards suitable and sufficient to prevent cattle, horses, sheep, and hogs from getting onto such railroad, and so long as such fences and cattle-guards shall (not) be made after the time hereinbefore prescribed for making the same shall have elapsed, and when such fences and guards, or any part thereof, are not in sufficiently good repair to accomplish the objects for which the same is herein prescribed, is intended, such railroad corporation and its agents shall be liable for any and all damages which shall be done by the agents, engines or trains of any such corporation, or by the locomotives, engines or trains of any other corporations permitted and running over or upon their said railroad, to any cattle, horses, sheep or hogs thereon; and when such fences and guards have been fully and duly made, and shall be kept in good and sufficient repair, such railroad corporation shall not be liable for any such damages, unless negligently or wilfully done." The object of the foregoing section was to prevent cattle from straying from adjoining lands to the track or right of way of railroads, and to prevent them from passing from the public highway, at railroad crossings, to the railroad track or right of way at either side, and to provide a remedy for the owner of stock injured in consequence of the omission of a railroad company to maintain the fences and guards thereby required. But there is no allegation in the petition that the failure of the railroad company to maintain suitable cattle-guards at the crossing in question was the proximate, or even the remote, cause of the injury to cattle, nor that such injury is in any way traceable to the company's omission in that regard.

The plaintiff contends, however, that his petition is in the language of the statute, and that his right to recover
41

under the statute is not dependent upon whether the injury to his stock is traceable to the defendant's omission to maintain cattle-guards at the crossing. This, as all other statutes, must be given a reasonable construction. It was not intended to provide a penalty for a failure to maintain cattle-guards, but compensation for the owner of stock injured in consequence of a failure on the part of a railroad company to take statutory precautions to prevent such injury. And a petition based upon this statute, which contains no allegation tracing or tending to trace the injury of the stock to a failure of the railroad company to take such precautions, is fatally defective. Such is the condition of the petition in this case, and the judgment based thereon is erroneous and should be reversed.

It is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

JACKSON, C., concurs.

DUFFIE, C., not sitting

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.